## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA – CIVIL DIVISION

| | | |
|---|---|---|
| Imagos Films, LLC | § | |
| d/b/a Imagos Softworks, | § | |
| and Don Thacker, individually | § | |
| Plaintiffs, | § | No.: _____ |
| | § | |
| v. | **FILED** | **CIVIL ACTION** |
| Alexander Thomas Mauer, | **JUN 30 2017** | **COMPLAINT FOR PROPERTY** |
| Defendant. | | **RIGHTS INFRINGEMENT** |
| | KATE BARKMAN, Clerk | |
| | By_____ Dep. Clerk | |

### COMPLAINT

Don Thacker is an artist with a dream. A dream he's had since he was nine years old. A dream of creating a retro-shooter video game franchise he calls "Starr Mazer".

In January of 2015, Don's company Imagos Softworks began a successful crowdfunding campaign[1], raising $193,566 to help fund development of the game. Don's dream was coming true.

In March of 2015, he hired Alex Mauer to create the music and sound for the game. Alex is a skilled musician who is known for her talent at creating a "retro" style of video game sound and music reminiscent of the arcades, consoles, and computers, of the 1980s.

Throughout 2015 and much of 2016, development progressed, including on Alex's music and sound contributions.

At some point, Alex's behavior began to change. Alex requested time off for personal and medical reasons; it was granted. Don offered myriad kinds of support to Alex, hoping that Alex would improve and return to the team. Eventually, Alex voluntarily left the development team.

---

[1] https://www.kickstarter.com/projects/imagosfilms/starr-mazer

Then, suddenly, Alex became demanding. Alex claimed that she wasn't paid and that she had rights to Starr Mazer and others of Plaintiffs' Works. Don tried to resolve the matter, making several offers to Alex. Alex didn't seem interested in any resolution whatsoever.

Alex made the dispute known to Plaintiffs' business associates, damaging their relationship. Alex persisted in causing turmoil and upset, eventually causing financiers to place funds on hold, further causing the rest of Plaintiffs' development team to also place development on hold in December of 2016. Don continued to try and find a private resolution with Alex.

In June of 2017, Alex began issuing numerous copyright takedown notices under the Digital Millennium Copyright Act, claiming ownership to Plaintiffs' games and related video and audio content. To date, over 70 items have received takedowns. As a result, Starr Mazer itself, and related video content reviewing and playing Starr Mazer, has been completely removed from the internet (including popular sites like Youtube[2] and Steam[3]).

These takedown notices are in violation of Plaintiffs' rights. Alex was a contributor to a larger audiovisual work, under written contract, and with an express work-for-hire clause. Plaintiffs' video games and related content are therefore entirely Plaintiffs' property.

Plaintiffs and other non-parties are currently being damaged by Defendant's illegitimate copyright claims and takedown notices. Some of this damage is irreparable. Some of the irreparable damage is severe.

Plaintiffs' bring this action primarily to adjudicate their rights to the Starr Mazer franchise so that they may continue to pursue their dreams.

---

[2] https://www.youtube.com/ is a host of online videos.

[3] http://store.steampowered.com/ is an online store for video games and software.

## Introduction

1.  This matter arises primarily under the United States Copyright Act of 1976, as amended,

    17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.  Defendant has asserted, and continues to assert, numerous copyright claims on works

    owned by Plaintiffs.

3.  Defendant's illegitimate claims have resulted in Plaintiffs' works being removed from

    online sales and marketing platforms, causing irreparable harm and as well as severe

    monetary damage to Plaintiffs.

## Jurisdiction & Venue

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331

    (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair

    competition).

5.  This Court has supplemental jurisdiction over the related claims based on Pennsylvania

    state law pursuant to 28 U.S.C. § 1367.

6.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a)

    as the Defendant is believed to reside in this district.

## Plaintiffs

7.  Plaintiff Imagos Films is a Limited Liability Company formed under the laws of the State

    of Washington and doing business as Imagos Softworks (hereinafter "Imagos").

8.  Plaintiff Don Thacker is an individual residing in the State of Washington and a co-owner

    of Imagos Films.

**Defendant**

9. Defendant Alexander Thomas Mauer is an individual believed to reside at 850 Station Ave Apartment A3, Bensalem, PA 19020.

**Factual Background**

10. Since at least 2010, Defendant has worked on-and-off as an independent contractor for Plaintiffs Don Thacker and Imagos.

11. Since at least 2010, Defendant has always worked in a work-for-hire arrangement with Imagos and/or Don.

12. Since March of 2015, Defendant has worked on Plaintiffs' Starr Mazer franchise under a written agreement that was executed by Imagos and Defendant (hereinafter the "Agreement"). This Agreement is attached as Exhibit A.

13. The Agreement specifies that Defendant works for Plaintiff within a work-for-hire arrangement regarding the copyright on Defendant's contributions.

14. The work-for-hire Agreement means that Plaintiff owns all of the copyrights to the Defendant's contributions.

15. Since at least some time in 2016, Defendant has asserted claims to Plaintiffs' copyrights in the Starr Mazer franchise and related content.

16. Defendant has made these claims in violation of the Agreement and in interference with Plaintiffs' business relationships and other rights.

17. Since at least some time in June 2017, Defendant has asserted claims to copyrights on Starr-Mazer-related content owned by both parties and non-parties.

18. Defendant asserts these claims through writings as well as legal notices to third-parties.

19. Defendant has asserted <u>over 70 false claims</u> to copyrights on Starr-Mazer-related content owned by both parties and non-parties.

20. Most, if not all, of Defendant's copyright claims come in the form of DMCA takedown notices.

21. Defendant's claims almost always result in the content being removed from public access and view while the DMCA procedure is followed.

22. Defendant's illegitimate claims have caused and continue to cause severe and irreparable damage to Plaintiffs as well as non-parties by interfering with their personal and business relationships as well as their copyrights and other rights.

## Direct Threats to Plaintiff and Counsel

23. Beginning June 26, 2017, Defendant began making threatening remarks and gestures towards Plaintiff Thacker and Plaintiffs' counsel.

24. These threats were delivered via email, Twitter, and direct message communications.

25. These threats from Defendant quickly escalated to express threats of murder, arson, and vandalism.

26. Plaintiffs' counsel's Duty to Warn was triggered and the threats were reported to the appropriate authorities.

27. Defendant was taken into custody on June 29, 2017 by said authorities for involuntary mental health evaluation.

## Miscellaneous

28. All conditions precedent to bringing this action have occurred or been waived.

29. Plaintiffs have retained counsel and are obligated to pay said counsel a reasonable fee for their services.

## COUNT 1
## Copyright Misrepresentation Under 17 U.S.C. 512(f)

30. Plaintiff Imagos is the owner of the copyright-in-suit on its properties titled "Starr

Mazer" and "Starr Mazer: DSP" (hereinafter the "Works"). Plaintiff's Work is an original

work of authorship.

31. Defendant has asserted numerous illegitimate claims on Plaintiffs' Works.

32. Defendant asserts these numerous illegitimate copyright claims on Plaintiff's Works in

violation of 17 U.S.C. 512(f) regarding willful and knowing misrepresentations.

33. Defendant knows, should know, or is willfully ignorant, of her work-four-hire Agreement

with Plaintiffs Imagos and Don Thacker.

34. Defendant is liable for the actual damages of her illegitimate claims.

35. Plaintiff will prove actual damages at trial.

## COUNT 2
## Breach of Contract

36. Plaintiffs Imagos and Don Thacker entered into an Agreement with Defendant in March

2015. (Ex. A).

37. The Agreement expressly specifies a work-made-for-hire arrangement between the

parties to the Agreement.

38. The Agreement expressly requires Defendant to keep Plaintiffs' confidential information

secret.

39. Defendant has knowingly and publicly claimed ownership to Plaintiffs' copyrighted

Works in breach of the Agreement.

40. Defendant has publicly revealed Plaintiffs' confidential information in violation of the

Agreement.

41. Defendant has breached her duties to Plaintiffs under the Agreement.

42. Plaintiffs have been, and continue to be, severely and irreparably damaged by

Defendant's breach.

43. Defendant is therefore liable for actual, special, and extra damages to Plaintiffs.

44. Plaintiffs expect to prove damages at trial.

## COUNT 3
### Defamation *per se*

45. Defendant has made serious and public claims of ownership to Plaintiff's copyrighted

Works.

46. Defendant has made serious and public allegations of misconduct in Plaintiff's business

dealings.

47. Plaintiffs have been seriously and irreparably damaged by Defendant's false claims and

false allegations of business misconduct.

48. Defendant's actions constitute Defamation *per se* under Federal and Pennsylvania law.

49. Plaintiffs expect to prove damages at trial.

## COUNT 4
### Extortion/Blackmail
### Interference with commerce by threats or violence
### under 18 U.S. Code § 1951 and Pennsylvania Law

50. Defendant has made public statements that her actions are the result of a contract dispute

with Plaintiffs.

51. Plaintiffs have gone above and beyond to attempt to settle the matter with Defendant for

at least a year.

52. Plaintiffs do not believe that Defendant has a legitimate claim at all, but have still made

numerous offers in settlement.

53. Defendant has made false claims to Plaintiffs' property, sometimes obtaining property or rights to property by consent.

54. Any consent by Plaintiffs was induced by wrongful use of actual or threatened force, violence, or fear, and under color of an official claim to Plaintiffs' property.

55. Defendant has used her false claims to encourage more favorable offers of resolution from Plaintiffs.

56. Defendant has made direct threats of serious bodily injury to Plaintiffs and their counsel.

57. Defendant's actions therefore constitute illegal extortion under 18 U.S. Code § 1951.

58. Defendant's extortion is reachable civilly via Federal and State extortion and blackmail law.

59. Plaintiffs to prove damages at trial.

## PRAYER FOR RELIEF

60. Plaintiffs respectfully request this Honorable Court grant the following relief:

     i. a Temporary Restraining Order requiring Defendant to cease all threats and intimidation efforts toward parties in and for the duration of the case;

    ii. a Preliminary Injunction to stop further illegitimate copyright claims from Defendant during the litigation and trial processes;

   iii. a Permanent Injunction enjoining Defendant from filing additional Copyright claims against Plaintiffs;

   iv. a Declaratory Judgment finding Plaintiffs to be the legitimate owners of the relevant copyrights in their respective works;

    v. a Judgment for actual damages against Defendant in amounts to be proven at trial;

vi.   a Judgment for special and/or extra damages against Defendant in amounts
      to be proven at trial;

vii.  and other relief the Court may deem necessary and/or appropriate.

Respectfully Submitted,

*/s/leonardjfrench*
Leonard J. French, Esq.
PA ID: 312413
442 Hamilton St #9125
Allentown, PA 18105
P: 610-537-3537
F: 888-262-0632
E: ljf@leonardjfrench.com
*Attorney for Plaintiff*