**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IMAGOS FILMS, LLC** | : | |
| **d/b/a IMAGOS SOFTWORKS,** | : | **CIVIL ACTION** |
| **and DON THACKER,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALEX T. MAUER,** | : | **No. 17-2964** |
| **Defendant.** | : | |

**AMENDED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND MOTION TO REQUEST CONTINUANCE OF JULY 19, 2017 TEMPORARY RESTRAINING ORDER HEARING**

Ryder, Lu, Mazzeo & Konieczny, LLC ("RLMK") and Frank A. Mazzeo, Esquire ("Attorney Mazzeo"), attorneys of record for defendant Ms. Alex T. Mauer, file this Amended Motion to move for leave to withdraw their appearance as attorneys for Mauer. As stated in the original Motion to Withdraw, filed on July 14, 2017 (Doc**.** #9), Mauer terminated RLMK and Attorney Mazzeo. By this Amended Motion, RLMK and Attorney Mazzeo provide additional reasons for their request to withdraw, namely because Mauer refuses to speak with Attorney Mazzeo and would refuse to attend the July 19, 2017 temporary restraining order hearing if Attorney Mazzeo were to attend. As it has become nearly impossible for Attorney Mazzeo to properly prepare for the scheduled July 19, 2017 temporary restraining hearing or to represent Mauer, RLMK and Attorney Mazzeo also hereby request a continuance of that hearing, so that Mauer can obtain new counsel if she wishes to do so.

Respectfully Submitted:

RYDER, LU, MAZZEO, & KONIECZNY, LLC

Dated: July 17, 2017                         By: /FrankAMazzeo/
                                             Frank Mazzeo, Esquire
                                             808 Bethlehem Pike, Suite 200
                                             Colmar, PA 18915
                                             215-997-0248 (telephone)
                                             215-997-0266 (fax)
                                             fmazzeo@ryderlu.com
                                             **C*ounsel for Defendant***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IMAGOS FILMS, LLC                          :
d/b/a IMAGOS SOFTWORKS,          :          CIVIL ACTION
and DON THACKER,                       :
        Plaintiffs,                          :
                                               :
    v.                                        :
                                               :
ALEX T. MAUER,                          :          No. 17-2964
        Defendant.                         :

## MEMORANDUM OF LAW IN SUPPORT OF THE AMENDED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

      In support of their Amended Motion for Leave to Withdraw as Counsel, RLMK and Attorney Mazzeo hereby submit this Memorandum of Law.

## I.  HISTORY OF THE CASE

      On June 30, 2017, plaintiffs Imagos Films, LLC d/b/a Imagos Softworks and Don Thacker (collectively, "Imagos") brought this action against Ms. Alex T. Mauer alleging copyright misrepresentation, as well as other claims.  On July 11, 2017, Imagos filed an application for a temporary restraining order ("TRO") against Mauer (Doc. #5), a hearing for which was scheduled by this Court to take place on July 13, 2017.  On July 12, 2017, Attorney Mazzeo, with RLMK, filed a request for a continuance of the scheduled TRO hearing on behalf of Mauer, which was denied on July 13, 2017.  On July 13, 2017, Attorney Mazzeo attended the TRO hearing before this Court on behalf of Mauer.   The Court granted the TRO on July 13, 2017 and scheduled another hearing for the TRO for 9:30am on July 19, 2017.

## II.  COUNSEL IS MANDATED TO WITHDRAW IF DISCHARGED BY THE CLIENT UNDER THE PENNSYLVANIA RULE OF PROFESSIONAL CONDUCT 1.16(a)(3)

The Pennsylvania Rules of Professional Conduct are relevant in the Court's determination of whether to allow withdrawal.  *See* Barefoot v. Direct Mktg. Concepts, Inc., 2004 WL 3186307, at *1-2 (E.D. Pa. October 13, 2004) (applying Pennsylvania's Rules of Professional Conduct to Petition for Leave to Withdraw as Counsel).  Pennsylvania Rule of Professional Conduct 1.16, in relevant part, provides:

> (a)  . . . [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
> . . . .
>
> (3) the lawyer is discharged.

Pa. Rules of Prof'l Conduct 1.16 (2010).

RLMK's and Attorney Mazzeo's withdrawal is appropriate and in fact, mandatory, under Pennsylvania Rule of Professional Conduct 1.16(a)(3) because they have been expressly discharged by Mauer.  Mauer told Attorney Mazzeo via text message that he and RLMK were terminated following the July 13, 2017 TRO hearing.  The same day, Mauer sent a letter to this Court restating and confirming her discharge of RLMK and Attorney Mazzeo, specifically stating in the letter that "Mr. Mazzeo is fired and needs to formally withdraw from the case." Mauer sent a photograph of this letter to Attorney Mazzeo via email, which is attached hereto as Exhibit A.

Understanding himself and RLMK to have been discharged as counsel for Mauer, Attorney Mazzeo sent a letter to Mauer on July 13, 2017 reporting the deadline for her to answer or otherwise respond to the pending complaint in this action.  Mauer forwarded this letter to the

plaintiffs' counsel directly via email, in the body of which email she stated again that RLMK and

Attorney Mazzeo had been discharged. A copy of Mauer's email to the plaintiffs' counsel is

attached hereto as Exhibit B.

In sum, Mauer has expressly discharged RLMK and Attorney Mazzeo and reiterated that

fact to others, including taking it upon herself to communicate it directly to the plaintiffs'

counsel. As such, RLMK and Attorney Mazzeo are prescribed to withdraw from representation

of Mauer in this case under Pennsylvania Rule of Professional Conduct 1.16(a)(3).

### III.  THE CLIENT'S ACTIONS SUPPORT WITHDRAWAL UNDER PENNSYLVANIA RULE OF PROFESSIONAL CONDUCT 1.16(b)(6)-(7)

Withdrawal is also permissible under Pennsylvania Rule of Professional Conduct

1.16(b)(6) if the representation has been rendered unreasonably difficult by the client and under

Rule 1.16(b)(7) if good cause for withdrawal exists. In relevant part, the Pennsylvania Rule of

Professional Conduct 1.16 provides:

> (b) . . . [A] lawyer may withdraw from representing a client if:
> . . .
> (6) the representation . . . has been rendered unreasonably
> difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Pa. Rules of Prof'l Conduct 1.16 (2010).

Here, Attorney Mazzeo's withdrawal is warranted by Mauer's disregard for the attorney-

client relationship, and refusal to follow legal advice given by Attorney Mazzeo or otherwise

cooperate with Attorney Mazzeo in representing her. Despite Attorney Mazzeo's warning not to

communicate with plaintiffs' counsel directly, Mauer has been contacting plaintiffs' counsel on

her own without corresponding through Attorney Mazzeo. In addition, Mauer has been posting

or describing conversations between herself and Attorney Mazzeo on social media and otherwise

commenting on Attorney Mazzeo on the internet.  She has refused to follow Attorney Mazzeo's

reasonable advice regarding possible settlement of the case and has behaved aggressively toward

Attorney Mazzeo and RLMK staff.  In addition, on July 15, 2017, Mauer told Attorney Mazzeo

via an email that she does not want to speak with him.  Also, on July 15, 2017, in a telephone

conversation with Mauer's father, Attorney Mazzeo learned that Mauer would refuse to attend

the July 19, 2017 TRO hearing if Attorney Mazzeo were to attend.  If required by the Court,

Attorney Mazzeo also can provide other reasons for the need for him and RLMK to withdraw,

but would prefer to do so *in camera* discussion with the Court, perhaps in a telephone

conference.

Attorney Mazzeo has fulfilled all necessary duties set forth in Pennsylvania Rule 1.16(d).

Pursuant to his duty under Pennsylvania Rule 1.16(d) to "take steps to the extent reasonably

practicable to protect a client's interests," Attorney Mazzeo forwarded to Mauer relevant court

filings and orders issued by this Court, and has advised Mauer of her deadline to answer or

otherwise respond to the complaint in this action after having been discharged.


**IV.  RLMK'S AND ATTORNEY MAZZEO'S REQUEST FOR A CONTINUANCE WILL NOT PREJUDICE THE PARTIES AND WILL ALLOW MAUER TIME TO SEEK NEW COUNSEL**

By this Amended Motion, RLMK and Attorney Mazzeo also request a continuance of

one week of the TRO hearing currently scheduled for July 19, 2017 because RLMK and

Attorney Mazzeo have been discharged by Mauer, and Mauer may wish to obtain new counsel to

represent her at the hearing for the TRO.   Moreover, Mauer has refused to speak to or cooperate

with Attorney Mazzeo, including refusal to attend the July 19, 2017 temporary restraining order

hearing if Attorney Mazzeo were to attend.  Accordingly, it has become nearly impossible for Attorney Mazzeo to properly prepare for the scheduled July 19, 2017 TRO hearing or to otherwise represent Mauer at all.

A one week continuance of the TRO hearing will not prejudice either party.  Mauer has expressly discharged RLMK and Attorney Mazzeo, and thus could use the time to find new counsel to represent her if she wishes.  The continuance will also not prejudice Imagos because Mauer is in compliance with the July 13, 2017 TRO.

## V.  CONCLUSION

Based upon the Pennsylvania Rules of Professional Conduct, RLMK and Attorney Mazzeo are mandated to withdraw from this case pursuant to having been expressly discharged and are further warranted in withdrawing.  Additionally, a one week continuance of the July 19, 2017 TRO hearing will not prejudice either party, as it will give Mauer opportunity to obtain new counsel to represent her, and Mauer is in compliance with the July 13, 2017 TRO. RLMK and Attorney Mazzeo respectfully request that the foregoing petition to withdraw as counsel and for a continuance be granted.

Respectfully Submitted:

RYDER, LU, MAZZEO, & KONIECZNY, LLC

Dated: July 17, 2017

By: /FrankAMazzeo/
Frank Mazzeo, Esquire
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
215-997-0248 (telephone)
215-997-0266 (fax)
fmazzeo@ryderlu.com
*Counsel for Defendant*

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IMAGOS FILMS, LLC** | : | |
| **d/b/a IMAGOS SOFTWORKS,** | : | **CIVIL ACTION** |
| **and DON THACKER,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALEX T. MAUER,** | : | **No. 17-2964** |
| **Defendant.** | : | |

## PROPOSED ORDER

AND NOW, this ___ day of _____, 2017, upon consideration of Ryder, Lu, Mazzeo & Konieczny LLC's and Frank A. Mazzeo's Amended Motion For Leave To Withdraw As Counsel and Motion to Request Continuance of July 19, 2017 Temporary Restraining Order Hearing for the defendant and accompanying brief in support thereof, it is hereby ORDERED and DECREED that said Motion is GRANTED. The Temporary Restraining Order Hearing is hereby continued to ____am/pm, July ___, 2017.

**BY THE COURT**

_____
**BERLE M. SCHILLER, J.**

8

**CERTIFICATE OF SERVICE**

The undersigned, hereby certifies that a true and correct copy of the foregoing AMENDED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND MOTION TO REQUEST CONTINUANCE OF JULY 19, 2017 TEMPORARY RESTRAINING ORDER HEARING and accompanying memorandum of law in support thereof was served this date via ECF and email upon the following:

Leonard J. French
The Law Firm of Leonard J French
442 Hamilton St #9125
Allentown, PA 18105
Telephone: 610-537-3537
Fax: 888-262-0632
ljfrench@leonardjfrench.com

and via email and U.S. Mail upon the following:

Alex T. Mauer
At her home address (not shown)
alexmauermusic@gmail.com

By: /DenisYanishevskiy/
Denis Yanishevskiy

Dated: July 17, 2017