IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA – CIVIL DIVISION

| | | |
|---|---|---|
| Imagos Films, LLC § | | |
| d/b/a Imagos Softworks, § | | |
| and Don Thacker, individually § | | |
| Plaintiffs, § | No.: 2:17-cv-02964-BMS | |
| § | | |
| v. § | | |
| § | **CIVIL ACTION** | |
| Alex Mauer, § | **COMPLAINT FOR PROPERTY** | |
| Defendant. § | **RIGHTS INFRINGEMENT** | |
| § | | |
| § | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE ANSWER OF ALEX MAUER AND/OR MOTION FOR CONTEMPT**

Plaintiffs filed this action as a last resort. Defendant had ceased performance of her contract for Plaintiffs and then began claiming ownership to Plaintiffs' project (a video game). Don Thacker spent months trying to privately resolve the matter with Defendant – yet Defendant persisted in making very deliberate public claims regarding ownership of Plaintiffs' video game.

**Procedural Facts**

Plaintiffs filed and served their Complaint at the end of June, 2017, and quickly amended to correct Defendant's name at Defendant's request. Defendant was served with the Amended Complaint on July 7th, 2017.

Plaintiffs filed a Motion for a Temporary Restraining Order on July 11th, 2017, after which Defendant appeared twice. Defendant fired her attorney after the first appearance (July 12, 2017) and requested time to find one and respond at the second hearing (July 19, 2017).

The Court issued an Order allowing her to find an attorney by August 21, 2017, and requiring her to respond to Plaintiffs' Amended Complaint by September 25th, 2017. (ECF Document 13).

**Defendant has filed an untimely response**

Plaintiffs have had no contact, nor received any correspondence, from Defendant regarding her attorney or her response, until after three hours after serving Defendant with Plaintiffs' Request for Entry of Default on September 26th, 2017.

Even then, Plaintiffs only received a copy of correspondence with JP, the Court's Clerk, informing Defendant that she must sign and serve her responsive pleading. It wasn't until September 27th, 2017, at 4:50 PM local time, that Defendant finally sent an email to Plaintiffs' counsel with a signed response. That response was entered on the docket in the morning of September 28th, 2017.

Defendant's Answer is a one-page, single spaced document. It does not explain the delay in filing or the lack of Defense counsel.

**Defendant has failed to show Good Cause for the delay**

Federal Rule of Civil Procedure 6(b) states in part that "When an act may or must be done within a specified time, the court may, for good cause, extend the time (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Defendant has made no such request nor shown any good cause. Though Defendant had over 60 additional days to find a replacement attorney (if desired) and to respond (a requirement), Defendant failed to file any request to the Court to extend time, and has failed to show the Good Cause required for such an extension.

"If the moving party does not seek an extension until after the time limit has expired, the court may exercise its discretion only if a motion is made and the moving party proves its failure

to comply with the applicable deadline was the result of excusable neglect." Drippe v. Tobelinksi, 604 F.3d 778, 784 (3d Cir. 2010) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 n. 5. (1990)). "Whether an act or omission qualifies as excusable neglect depends on three factors: the danger of prejudice to the [opponent], the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 125 (3d Cir. 1999).

There is ongoing prejudice and damage to Plaintiff – a sincere claimant in genuine need of prompt relief. Development of their video game is currently halted while this action clears up ownership of Plaintiffs' copyrights. (ECF Document 5, Attachment #6, Affidavit of Don Thacker). The longer this action takes, the later the project development and release schedule, resulting in higher costs and lost sales.

The length of the delay is great. After being served with the Summons and Complaint in the beginning of July, and after hiring, then firing, a respected attorney to represent her (RCF Doc 9), Defendant requested additional time to prepare a complete and meritorious response. The Court generously gave Defendant until August 21st (33 days) to find an attorney and until September 25th (35 additional days) to file her response. Not only did Defendant fail to timely file a response, she also failed to request an extension of time or explain the delay in her response.

Defendant has not acted in good faith. Defendant has failed to explain her delay, or request Court permission for an extension of time. Plaintiffs believes and therefor avers that Defendant is acting this way out of disrespect for Plaintiffs and the Court and with the intention of driving up the costs of litigation and increasing the delay for Plaintiffs to move on.

**The Clerk should enter Default against Defendant**

Plaintiffs timely filed a Request for Entry of Default against Defendant on September 26th, 2017, at 12:44 PM local time and served it on Defendant 8 minutes later at 12:52 PM local time. Plaintiffs' counsel later received email correspondence indicating that Defendant attempted to file an unsigned and unserved response with the Court's Clerk JP at 3:50 PM later that same day.

In <u>Yellow Book Sales & Distribution Co. v. White</u> (E.D. Pa., 2011), this Court held that a Defendant had failed to show good cause for an approximately 4-week delay where Defendant's response made no showing of Good Cause for the delay. The Court recognized that Defendant's delay "constituted a proper basis for an entry of default under Rule 55(a)". FRCP 55(a) requires the Clerk to enter a default upon motion and affidavit of the Plaintiff.

Defendant, here, had appeared and meaningfully participated in the Court's hearing on July 13th, 2017, and July 19th, 2019. Defendant fired her attorney after the first hearing and requested time for the Court to find new representation and respond. Despite being present and helping set her own deadlines, Defendant still did not prepare and file anything with the Court until three hours <u>after</u> Plaintiffs requested and served its Entry of Default. Plaintiffs speculate that, had it not been for their proper service of their Request for Default, Defendant may not have responded at all. Despite having meaningful, face-to-face interaction with the Court, Defendant was unable to comply even with the relaxed response schedule Ordered by the Court.

Plaintiffs respectfully submit that a Strike is an narrowly-tailored remedy that can directly address the issue. By requiring Defendant to Open the Default, the Court preserves its authority, deters Defendant and others from failing to communicate with the Court on the Matter, grants relief to Plaintiffs who have acted in Good Faith, and requires Defendant to show good cause if she intends to challenge the Default.

**In the Alternative: a Motion for Contempt and Sanctions**

Defendant has failed to obey a Court Order and should be held to show cause why sanctions should not issue. Plaintiff submits the sanction of a Strike and Default as a narrowly-tailored remedy. Briefly:

The Court's inherent contempt powers are broad. <u>Ex parte Robinson</u>, 86 U.S. 505, 510 (1873) ("The moment the courts of the United States were called into existence and invested with jurisdiction over any subject, they became possessed of this power [i.e., the contempt power].").

Defendant has violated the Court's July 19th, 2017 Order requiring her to obtain an attorney and respond by September 25th, 2017.

If the Court is unable to Strike Defendant's Answer, then Plaintiffs request that the Court hold Defendant in Criminal Contempt of Court, with a remedy of Striking her Answer and Entering Default.

The Criminal Contempt standard is appropriate whenever claims or defenses are extinguished by a sanction or remedy. <u>United States v. United Mine Workers</u>, 330 U.S. 258, 302 (1947).

Title 18 U.S.C., Section 401, the statute codifying the offense of criminal contempt, provides that: "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Criminal Contempt requires the Court to hold a hearing where Defendant may show cause why they should not be held in Contempt. Fed. R. Crim. Pro. Rule 42(b).

Also, FRCP 11 provides sanctions for certain abuses:

"By presenting to the court a pleading, . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
Fed. R. Civ. 11(b)

Plaintiffs submit that Defendant's late pleading is presented for the improper purpose of causing delay and increasing the costs of litigation, that its claims and defenses are frivolous, and that its factual contentions have no evidentiary support.

Plaintiffs respectfully submit that the sanction of a Strike is an exact and narrowly-tailored remedy that can directly address the issue of Defendant's misconduct.

**Conclusion: Defendant should be required to show good cause for her delay, one way or the other**

Regardless of the procedural vehicle the Court desires to use, Plaintiffs believe that Defendant's response is untimely and that Defendant lacks good cause for the delay. Plaintiffs respectfully request that the Court strike Defendant's response and Enter Default against Defendant.

Respectfully Submitted,

*/s/leonardjfrench*
Leonard J. French, Esq.
PA ID: 312413
442 Hamilton St #9125
Allentown, PA 18105
E: ljf@leonardjfrench.com
*Attorney for Plaintiff*