**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IMAGOS FILMS, LLC** | : | |
| **d/b/a IMAGOS SOFTWORKS,** | : | **CIVIL ACTION** |
| **and DON THACKER,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALEX THOMAS MAUER,** | : | **No. 17-2964** |
| **Defendant.** | : | |

**NOTICE**

**AND NOW**, this **5**th day of **December, 2017**, Defendant is hereby noticed that any further communications with the Court must only be conducted with opposing counsel aware of the communication and given the opportunity to participate.[1]

BY THE COURT:

_____

**Berle M. Schiller, J.**

---

[1] The parties reached a settlement in this matter, and therefore this litigation has been closed. Since then, Mauer has called the Court numerous times and sent emails to the Court to express dissatisfaction with the settlement which she signed. The Court is issuing this notice to inform Mauer of a couple of points which, because she is representing herself, she might not know.

First, the Court has not seen the settlement agreement. The Court in this case does not have to approve the settlement; once the parties inform the Court that they have reached an agreement, the Court's involvement comes to an end. The Court is not free to simply revisit the parties' agreement or to alter its terms because one of the parties has voiced concerns.

Second, the Court understands that Mauer does not have a lawyer. However, the Court cannot communicate with one party and not the other. That is known as an ex parte communication, and because the Court must remain neutral, it would be improper for the Court or for any member of the Court's staff to discuss the case with only side aware of the communication.