# The Law Firm of Leonard J. French

T: (610) 537-3537 – F: (888) 262-0632 – ljf@ljf.bz – 442 Hamilton St #9125, Allentown, PA 18105

Friday, December 15, 17


Hon. Berle M. Schiller
U.S. District Court for the Eastern District of Pennsylvania
601 Market St.
Philadelphia, PA 19106

Reference: Imagos v. Alex Mauer – 17-cv-2964
CC: Alex Mauer via email to record address

Dear Judge Schiller,

This letter is in response to the December 6th, 2017 letter from Defendant received and docketed by the Court as ECF Document 25 on December 11th, 2017. This letter also summarizes the events between November 8th, 2017 (the parties' last appearance), and now.

After the Nov. 8th hearing, the Court ordered Defendant to appear for a Deposition on Nov. 13th, the following Monday. Defendant did appear and the deposition was conducted. Settlement was discussed during the Deposition and it was clear that the parties were not going to reach a settlement at that time.

On November 22nd, 2017, Defendant emailed undersigned Counsel indicating a desire to settle the matter on terms which were more agreeable to Plaintiff. A second Nov 22nd email from Defendant indicated that she had called the Court's Civil Clerk and explained that she does "not have an interest in defending [herself] in this case, contrary to the judge's interpretation of [her] response to the complaint."

November 22nd, 2017, was the Wednesday directly before Thanksgiving. Undersigned Counsel took the weekend away from the case and did not respond to Defendant until Sunday the 26th. Over that weekend, and including Monday, Nov. 27th, undersigned Counsel received five voicemails from Defendant requesting that undersigned Counsel expedite the drafting of the settlement. In the voicemails, Defendant indicates her desire to 'default' or settle several times.

On November 27th, 2017, undersigned Counsel drafted a Settlement Agreement. It requires Defendant to forever release all claims to Imagos's Works, requires Defendant not to disparage the Plaintiffs or anyone affiliated with Plaintiffs, and generally releases all parties from all claims up to the date of settlement. The agreement requires the parties to acknowledge that they have read and had adequate opportunity to review the matter and agreement with their attorney, if desired. The agreement also specifies that the Court retains jurisdiction under FRCP 41(a)(2).

After sending the Settlement Agreement to Defendant, Defendant immediately responded requesting that Counsel address a concern. Undersigned Counsel called Defendant and discussed the changes, the results of which were then put in writing to alleviate Defendant's concern. Defendant wished to be removed from a brief appearance (and attribution) in one of Plaintiff's video games. Plaintiff agreed. This was the only concern that was brought to undersigned Counsel's attention during the call regarding the final settlement agreement.

The final draft of the Settlement Agreement was sent to Defendant for signature. The agreement was returned signed on Nov. 27th, including Defendant's initials on each page. Undersigned Counsel executed the agreement and returned a copy to Defendant.

Undersigned Counsel sent a message to the Court's Civil Clerk on November 28th, 2017, informing the Court of the settlement and the 41(a)(2) term. The Court's Civil Clerk responded that the Court will dismiss the action and agree to retain jurisdiction for 90 days.

On November 30th, 2017, Undersigned Counsel was CC'd on an email from Defendant to the Court's Civil Clerk in which Defendant claims she "thought the judge would shoot down the settlement for obvious reasons" and "the judge looks like an idiot! hahaha". Plaintiff and Counsel believe that there have been other attempts by Defendant to communicate with the Court without providing a copy of the communications to Plaintiff (*ex parte*).

Since November 30th, 2017, Undersigned Counsel has received no less than eight additional voicemails from Defendant. The voicemails complain that one of Imagos's games is "violent" (the same game where Plaintiff agreed to remove Defendant's appearance) and request that undersigned counsel review the game and admit that it's violent (and nothing more). This complaint is not relevant to the settlement agreement or dispute between the parties. The game is not published and Plaintiff will not republish it until Defendant is removed from it as agreed (if Plaintiff decides to republish it at all). Whether the game is "violent" isn't operative and doesn't change anything.

Undersigned Counsel made the determination that responding to these additional concerns of Defendant's was not productive as the settlement agreement made the relationship between the parties quite clear and Defendant's change in behavior was concerning.

On December 1st, 2017, a voicemail from Defendant indicated a concern that she had registered the copyright to a promotional / commercial video that was covered by the Settlement Agreement. Undersigned Counsel again chose not to respond, believing that adding further energy to the dispute would not be productive.

Regarding the December 6th letter of Defendant to this Court (ECF Doc. 25):

The letter informs the Court that Defendant was 'under the impression that [the Court] would request changes [to the settlement] based on this conflict'. Undersigned Counsel is not sure where Defendant got this impression. Counsel has never discussed a situation where the Court would make changes to the Agreement. The only relevant term in the agreement reads:

**5. Dismissal of the Lawsuit. Enforcement.** The Company agrees to seek Dismissal of the Lawsuit Without Prejudice and on the condition that the Court shall reserve jurisdiction over the action and any enforcement of the settlement Agreement between the parties.

Nowhere in this term could it be construed that the Court would make changes to the agreement in favor of Defendant, let alone without Defendant requesting any changes from Plaintiff or the Court.

Defendant then explains that she registered a copyright to a Work that Plaintiff completed for Turner Broadcasting. Registering a copyright only requires a properly filled and filed application and the paying of a small fee. While a Court can consider a copyright registration as evidence of ownership, it can also consider other relevant evidence, such as a settlement and/or release. Such is the case here.

Defendant may not realize that the only way to use her alleged copyright registration would be through a claim that she, herself, would have to make. Making any such claim would be a violation of her binding promise in the parties' Settlement Agreement not to make any further claims to any Works produced by Plaintiffs. Making such a claim could also be a violation of her agreement not to disparage Plaintiffs or their affiliates in any way.

Undersigned Counsel intentionally drafted the Settlement Agreement as fairly as possible. In return for her release of all claims of ownership to Plaintiff's Works, Defendant is released from Plaintiff's claims in this matter. Defendant is barred from making further claims as well as from disparaging Plaintiff and their affiliates. The agreement is fair, bargained for, complete, and clear.

Undersigned Counsel would also like to clarify that it cannot provide advice or counsel to Defendant. Any advice or counsel provided could make Counsel responsible for the advice as well as violate Counsel's ethical obligations under Pennsylvania and Federal law. Plaintiff and its counsel prefer to correspond with Defendant in writing whenever possible.

Undersigned Counsel received additional voicemails on December 13th and 14th in which Defendant asks about the consequences of not appearing on December 18th before this Court and then seems to decide that she should appear in case there are consequences. Plaintiff's Counsel, again, decided that not responding to these voicemails was the best course of action.

Plaintiff and Counsel thank the Court for its time and look forward to further direction from the Court on the 18th.

Respectfully submitted,
/s/leonardjfrench
Leonard J. French, Esq.